IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| REGGIE COLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 02 C 9246 |
| | ) | |
| THE CITY OF CHICAGO, | ) | Magistrate Judge Schenkier |
| a municipal corporation, TIMOTHY | ) | |
| THOMAS, MAXINE THOMAS | ) | |
| JACKSON, d/b/a ROSE COCKTAIL | ) | |
| LOUNGE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Third Party Plaintiff, | ) | |
| | ) | |
| MAXINE THOMAS JACKSON, d/b/a | ) | |
| ROSE COCKTAIL LOUNGE, | ) | |
| | ) | |
| Third Party Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This lawsuit arises out of an altercation at the Rose Cocktail Lounge on December 31, 2001 and/or the early morning hours of January 1, 2002, during which plaintiff, Reggie Coles, claims that he was shot in the mouth by defendant Timothy Thomas, an off-duty City of Chicago police officer. A jury trial in this case is set to commence on August 22, 2005. The events in dispute in this case are set forth fully in the Court's decision denying summary judgment to the City and defendant Maxine Jackson, *Coles v. City of Chicago*, 361 F. Supp. 2d 740 (N.D. Ill. 2005), and will not be repeated here except as relevant to the motions *in limine* before the Court.

Mr. Coles has filed a motion *in limine* to exclude evidence of his prior criminal convictions (doc. # 82). The City has filed a motion *in limine* to exclude the testimony of its co-defendant, Mr. Thomas, with respect to what the City characterizes as his "scope of employment defense" (doc. # 85).[1] For the reasons that follow, plaintiff's motion to exclude evidence of his prior criminal convictions is granted in part and denied in part; the City's motion *in limine* is denied.

### I.

Plaintiff seeks to bar defendants from offering into evidence two state court felony convictions he has received: (a) a conviction for armed robbery on December 11, 2003; and (b) a drug conviction in 2002.[2]

Two evidentiary rules govern consideration of the admissibility of prior criminal convictions to impeach credibility. Under Federal Rule of Evidence 609(a)(2), evidence that any witness has been convicted of any crime (whether a felony or misdemeanor) with the previous ten years shall be admitted for purposes of impeachment if the crime involved dishonesty or false statement. Under Rule 609(a)(2), evidence of such a crime is admissible without any consideration of the probative

---

[1] In their final pretrial order, the parties identified four other motions *in limine* they intended to file (doc. # 86, at 14). The parties subsequently informed the Court that the parties have reached agreements on those motions *in limine*, and that those motions have thus been withdrawn.

[2] We note that while the City's response to the motion (which was the only response filed) refers to the drug conviction as one for possession (City's Mem. at 2), plaintiff labels the drug conviction as one for a "criminal drug conspiracy" (Pl.'s Motion at 1). We subsequently sought and received from the parties documents concerning plaintiff's prior record. The City provided a "rap sheet," that shows only a December 5, 2000 conviction for drug possession, for which plaintiff was sentenced on July 27, 2001. Plaintiff has submitted a certified statement of that conviction and sentence, which is consistent with the rap sheet. But, plaintiff also has submitted two other certified statements of conviction that do not appear on the rap sheet: (1) a July 25, 2001 conviction for criminal drug conspiracy, for which plaintiff was sentenced on July 27, 2001; and (2) a July 27, 2001 plea of guilty to manufacture and delivery of cannabis, for which plaintiff was sentenced on July 27, 2001. We credit the certified record of those two other drug convictions. However, as the City has not indicated an intent to use any drug conviction other than the one for possession, we focus our analysis on the admissibility of that conviction. In any event, we would not permit the City to use the other drug convictions even if it sought to do so. *See* page 7, note 3, *infra*.

value of the evidence measured against its potential for unfair prejudice. By contrast, Rule 609(a)(1) provides that evidence that any witness (other than the accused) has been convicted of a crime within the previous ten years shall be admitted if the crime was punishable by death or imprisonment for more than one year – but, subject to Federal Rule of Evidence 403, which states that evidence, even if relevant, may be excluded if its probative value is substantially outweighed by, *inter alia*, the danger of unfair prejudice, confusion of the issues, or misleading the jury.

The City does not contend that the convictions for armed robbery and drug possession are admissible under Rule 609(a)(2), and with good reason. Rule 609(a)(2) applies to crimes involving "some element of misrepresentation or other indication of a propensity to lie and exclud[es] those crimes which, bad though they are, do not carry with them a tinge of falsification." *United States v. Amaechi*, 991 F.2d 374, 378 (7th Cir. 1993); *see, e.g. Altobello v. Borden Confectionary Products, Inc.*, 872 F.2d 215, 216 (7th Cir. 1989) (giving the example of perjury as a crime involving deceit); *United States v. Byrd*, 771 F.2d 215, 219 (7th Cir. 1985) ("[T]he crime of forgery involves dishonesty"); *United States v. Wilson*, 985 F.2d 348, 351 1993 (7th Cir. 1993) (stating that failure to file a tax return is a crime of dishonesty). A conviction for robbery is not admissible as a crime of dishonesty, absent the opposing party's showing that the particular circumstances of the robbery involved deceit beyond the basic crime itself. *United States. v. Smith*, 181 F.Supp. 2d 904, 909 (N.D. Ill. 2002). Possession of a controlled substance also does not involve dishonesty or false statement. *Jones v. Sheahan*, Nos. 99 C 3669, 01 C 1844, 2003 WL 21654279 at *5 (N.D. Ill. July 14, 2003). Thus, we analyze the admissibility of plaintiff's conviction under Rule 609(a)(1).

The City, as the party moving for admission of the prior convictions, carries the burden of proving that the probative value of the conviction evidence on Mr. Cole's credibility is not

outweighed by any unfair prejudice from admission of such evidence. *See Campbell v. Greer*, 831 F.2d 700, 705 (7th Cir. 1987) (stating the party seeking to use the evidence has the burden of persuading the trial judge to admit it). The City contends that it believes Mr. Coles "concocted" his story about being shot in the mouth, and thus his credibility is at the heart of the case (City's Mem. at 3). The City argues that the probative value of the convictions is great, because felons are less likely to testify truthfully (*Id.* at 3). The City further maintains that the jury will not be unfairly prejudiced because the City will refrain from delving into any unsavory details of the offenses for which plaintiff was convicted (*Id.* at 4-5). Mr. Coles, on the other hand, contends that the probative value of the convictions is outweighed by the risk of unfair prejudice because the convictions are not related to the parties' allegations or defenses (Pl.'s Motion at 2).

We must initially determine the degree of probative value of plaintiff's conviction in order then to determine how much unfair prejudice would be required to outweigh it. We note that there is a tension underlying Rule 609(a)(1) with respect to the probative value of convictions that do not involve dishonesty or false statement. On the one hand, "[t]he idea underlying Rule 609, whether right or wrong, is that criminals are more likely to testify untruthfully." *Gora v. Costa*, 971 F.2d 1325, 1330 (7th Cir. 1992). Were that not the case, there would be no occasion to consider the admissibility of convictions that do not involve crimes of dishonesty or false statement. And, Rule 609(a)(1) plainly contemplates that there will be times when such convictions are admissible, as Rule 609(a)(1) says that they "shall" be admitted subject to Rule 403.

On the other hand, one purpose of the 1990 amendments to Rule 609(a) was to "resolve[] an ambiguity as to the relationship of Rules 609 and 403 with respect to impeachment of witnesses other than the criminal defendant." Advisory Committee Notes to 1990 Amendments to Rule 609.

4

As amended in 1990 (and as constituted today), Rule 609(a)(1) "reflects a judgment that decisions interpreting Rule 609(a) as requiring a trial court to admit convictions in civil cases that have little, if anything, to do with credibility reach undesirable results." *Id.*

In light of these considerations, we consider in turn the admissibility of plaintiff's convictions for armed robbery and possession of a controlled substance.

### A.

Plaintiff's armed robbery conviction has some probative value on the issue of his credibility, based on the premise underlying Rule 609(a) that "a person who has flouted society's most fundamental norms, as embodied in its felony statutes, is less likely than other members of society to be deterred from lying under oath in a trial by the solemnity of the oath, the (minuscule) danger of prosecution for perjury, or internalized ethical norms against lying." *Campbell*, 831 F.2d at 707. However, we deem the probative value of that conviction to be quite limited. We see nothing about an armed robbery conviction in general (and we have been told nothing about the circumstances of plaintiff's armed robbery conviction in particular) that has much to do with credibility. Armed robbery is at bottom an offense of violence, or threatened violence; as such, we believe it speaks to credibility no more than other violent offenses that have been deemed to have limited probative value on the issue of credibility. *Christmas v. Sanders*, 759 F.2d 1284, 1292 (7th Cir. 1985) ("a conviction for rape [is] not highly probative of credibility"); *Jones*, 2003 WL 21654279 at *2 (a murder conviction is not highly probative of credibility).

While the probative value of the armed robbery conviction is limited, the potential for unfair prejudice that would result from its admission is substantial. Under Rule 609(a)(1), a conviction is not admissible to "stink up" a witness's character, but only to shed light on the witness's

5

credibility." *United States v. Neely*, 980 F.2d 1074, 1080 (7th Cir. 1992). A jury that learned of plaintiff's armed robbery conviction well might view him as a "bad person" not because he is a liar (since this armed robbery offense is not highly probative of credibility), but instead because he committed a dangerous offense that jurors might find threatening. This would expose plaintiff to the risk that a jury would reject his claim not because of doubts about his truthfulness, but because of conduct that has nothing to do with the events in question. We conclude that this risk of unfair prejudice substantially outweighs the probative value of the armed robbery conviction, and we thus we grant plaintiff's motion to exclude it.

**B.**

We next consider plaintiff's conviction for possession of a controlled substance. This Court has previously stated that "Rule 403 does not mandate (or even allow) the exclusion of evidence merely because it is prejudicial; it is only a showing of *unfair* prejudice *substantially* outweighing probative value, which permits exclusion of relevant matter under Rule 403." *Jones*, 2003 WL 21654279 at *5 (citing *Young v. Rabideau*, 821 F.2d 373, 377 (7th Cir. 1987) (emphasis in original)). As required by Rule 609(a)(1), we consider that the drug possession conviction has some general probative value on credibility. But, as with the armed robbery conviction, there is nothing about a drug possession conviction in general, or anything that has been disclosed about the particular circumstances of plaintiff's conviction, that persuades us that the degree of the probative value is anything other than limited.

However, limited probative value is not the same as no probative value. Rule 403 does not permit the exclusion of probative evidence unless the probative value of that evidence is substantially outweighed by its unfair prejudice. Evidence of a conviction for possession of drugs

does not carry "the same potential for inflaming the jury" as does evidence of a an armed robbery conviction. *See Jones*, 2003 WL 21654279 at *5 (applying that reasoning in comparing drug conviction to convictions for murder and sexual crimes). Nor have we been pointed to anything about the particulars of plaintiff's drug conviction that would run the risk of inflaming a jury. We recognize that evidence of a drug conviction (or any other conviction, for that matter) "may diminish a witness's credibility and image in the eyes of a jury. [But, i]f that alone were enough to exclude a conviction, then no convictions would be admitted under Rule 609(a)(1)." *Id.* We conclude that there is no risk of unfair prejudice that substantially outweighs the probative value of plaintiff's drug conviction.[3]

We therefore deny plaintiff's motion to exclude evidence of his conviction for drug possession.[4] However, we will hold the City (and all other defendants) to limit its proof on this point

---

[3]As we explained above, although the certified records supplied by plaintiff show that plaintiff also has convictions for drug conspiracy and manufacture and delivery of cannabis, the City has not sought to offer those convictions under Rule 609(a). If the City sought to do so, we would exclude those convictions from evidence. For the reasons stated above, like the conviction for drug possession, the convictions for drug conspiracy and manufacture and delivery of cannabis are not crimes of dishonesty or false statement admissible under Rule 609(a)(2), and have only limited probative value on the issue of credibility. But, unlike the conviction for drug possession, plaintiff's convictions for drug conspiracy and manufacture and delivery of cannabis carry substantial potential for unfair prejudice. Evidence that plaintiff has a conviction for drug "conspiracy" may evoke in the jurors' minds visions of drug cartels or gang activity that would not be created by knowledge of a conviction for mere possession. Likewise, evidence of plaintiff's conviction for manufacture and delivery of cannabis may cause jurors to view him as involved in illegal (and dangerous) drug activity at a level not suggested by a possession conviction. In both events, evidence of those additional drug convictions carry sufficient potential to "stink up" plaintiff's character, *Neely*, 980 F.2d at 1080, that it substantially outweighs the limited probative value of that evidence.

[4]We note that in *Jones*, the Court allowed defendants to place into evidence plaintiff's conviction for drug possession. In that case, the jury returned a verdict for plaintiff on one of his claims, and awarded him substantial compensatory and punitive damages. *See Jones v. Sheahan*, Nos. 99 C 3699, 01 C 1844, 2003 WL 22508171 (N.D. Ill. Nov. 4, 2003).

to the date of the conviction, that the conviction was for possession of a controlled substance, and the sentence imposed.[5]

## II.

In its motion *in limine*, the City seeks to estop Mr. Thomas, a Chicago police officer, from testifying that he was acting within the scope of his employment while he was off-duty on New Year's Eve of 2001, when the fight broke out at the Rose Cocktail Lounge. The City's motion is based on a ruling in an earlier arbitration between the City and Mr. Thomas. In that arbitration, Mr. Thomas pursued a grievance against the City under the collective bargaining agreement, based on the City's refusal to provide him with counsel to defend this lawsuit. The arbiter found that the City was not required to provide counsel to Mr. Thomas in this matter, on the ground that he was not acting within the scope of his employment on the night in question. The City seeks to bar any testimony by Mr. Thomas that would be contrary to the arbiter's findings. Although Mr. Thomas has elected not to respond to the motion, we deny it for several reasons.

At the threshold, the stated premise of the motion – that Mr. Thomas has asserted a "scope of employment" defense – is erroneous. Mr. Thomas has not asserted any such "defense" to plaintiff's claims. Rather, it is plaintiff who seeks to establish that Mr. Thomas was acting within the scope of his employment, in order to establish plaintiff's claim that the City must indemnify Mr. Thomas for any compensatory damages that might be awarded on plaintiff's claims against Mr.

---

[5] In its memorandum, the City indicated that it intends to question plaintiff on arrests which did not result in convictions, and names he used in connection with those arrests (City's Mem. at 4 n.2). However, Rule 609 – which allows for the admission of certain convictions – does not provide authority for admitting that evidence. And, the City did not offer any other basis for the admission of such evidence. Thus, we bar the defendants from offering this evidence, unless by the time of the final pretrial conference (set for August 16, 2005) defendants offer authority that persuades the Court that the evidence should be admitted.

Thomas. Thus, in substance, what the City's motion seeks is an order that would bar plaintiff from eliciting testimony from Mr. Thomas to support plaintiff's indemnity claim against the City.

That underscores another serious flaw in the City's motion. The City concedes that the arbitral award between the City and Mr. Thomas, to which plaintiff was not a party, "is not binding upon plaintiff" (City's Motion at 2). That is a concession required by the governing case law. A non-party to a prior court proceeding may use collateral estoppel "offensively" (to bar a defendant to that prior proceeding from re-litigating an issue the defendant had litigated unsuccessfully in the prior proceeding) or "defensively" (to bar a plaintiff to the prior proceeding from re-litigating an issue the plaintiff had litigated unsuccessfully in the prior proceeding). *United States v. Mendoza*, 464 U.S. 154, 159 n.4 (1984). But neither of those situations apply here, as any application of collateral estoppel would result in binding plaintiff to an arbitration result in which he had no opportunity to participate. It is well-settled that a prior judgment "will not be given collateral estoppel effect, . . . , where 'the party against whom an earlier court decision is asserted did not have a full and fair opportunity to litigate the claim or issue decided by the first court.'" *Haring v. Prosise*, 462 U.S. 306, 313 (1983) (citations omitted); *see also Newman v. Indiana*, 129 F.3d 937, 942 (7th Cir. 1997) (collateral estoppel may not be applied defensively against persons who were not parties to the earlier proceeding). Thus, granting the City's motion would allow the City to achieve indirectly that which it is barred from achieving directly: that is, an order that prevents plaintiff from eliciting from Mr. Thomas evidence that is contrary to the arbitral ruling. Avoiding that kind of improper result provides further reason for denying the City's motion.

Finally, the City's motion assumes – without citation to authority – that in an action under 42 U.S.C. § 1983, collateral estoppel can be applied to an arbitration ruling. However, more than

two decades ago, the United States Supreme Court expressly considered and rejected that proposition. In *McDonald v. City of West Branch*, 466 U.S. 284 (1984), the Supreme Court considered a Section 1983 claim brought by a police officer who claimed he was discharged in retaliation for exercising his First Amendment rights of freedom of speech, freedom of association, and freedom to petition the government for redress. After a trial, the appeals court determined that plaintiff's claims were foreclosed by an arbitration ruling, on a grievance filed by plaintiff under the collective bargaining agreement, that there was just cause for plaintiff's termination.

A unanimous Supreme Court reversed. The Supreme Court first concluded that arbitration is not a "judicial proceeding" entitled to full faith and credit under 42 U.S.C. § 1738, and that federal courts thus are not statutorily required to give collateral estoppel effect to unappealed arbitration awards. *McDonald*, 466 U.S. at 287-88. The Supreme Court also concluded that a rule of preclusion for arbitration awards should not be judicially fashioned, explaining that "an arbitration proceeding cannot provide an adequate substitute for a judicial trial," and that as a result, "according preclusive effect to arbitration awards in §1983 actions would severely undermine the protection of federal rights that the statute is designed to provide." *Id.* at 291-92. The Supreme Court held that "in a § 1983 action, a federal court should not afford res judicata or collateral-estoppel effect to an award in an arbitration proceeding brought pursuant to the terms of a collective-bargaining agreement." *Id.*

*McDonald* forecloses the City's effort to give the arbitration ruling collateral estoppel effect against anyone: whether Mr. Thomas directly or (as we explained above) against plaintiff indirectly. Indeed, we do not understand what basis the City believed it had to even make the motion in light of *McDonald*, for that matter, why Mr. Thomas or plaintiff failed to point out this patent defect in

10

the City's motion. We remind the lawyers for these parties of their obligation, as officers of the Court, to have sound basis for the motions they file, *see* Fed. R. Civ. P. 11, and to bring to the Court's attention controlling authority. *Hedge v. County of Tippecanoe*, 890 F.2d 4, 8 (7th Cir. 1989). ("attorneys [] have an absolute duty under the rules of professional responsibility to bring directly controlling legal precedent to the attention of the court").

That said, the City's motion is denied.

## CONCLUSION

For the foregoing reasons, Mr. Coles' motion *in limine* to exclude evidence of his prior criminal convictions (doc. # 82) is granted. The City of Chicago's motion *in limine* to exclude evidence of Mr. Thomas's scope of employment defense (doc. # 85) is denied.

ENTER:

SIDNEY I. SCHENKIER
United States Magistrate Judge

Dated: July 22, 2005